IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                                             CRIMINAL No. 01-1677 LH

LEON JUNIOR JOHNSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER is before the Court on Defendant's *pro se* Title 18 U.S.C. § 3582(c)(2) Motion for Reduction of Sentence Pursuant to Amendment 782 (All Drugs Minus Two) (ECF No. 58), filed November 21, 2014, and the United States' Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 62), filed December 2, 2015.  Counsel for Defendant was appointed on February 5, 2015.  Having reviewed the Motions, the record in this matter, and the relevant law, and otherwise being fully advised, the Court finds that the government's Motion will be **granted** and Defendant's Motion will be **denied**.

      The United States contends that Defendant is ineligible for resentencing because he was sentenced pursuant to a Rule 11(e)(1)(C) plea agreement (now Fed. R. Crim. P. 11(c)(1)(C)) to a stipulated term of fifteen-years imprisonment; this sentence was not expressly based on the drug guidelines; and, therefore, Amendment 782 does not lower his sentencing range.  Defendant takes no position on the government's Motion.  Mot. Concerning Ineligibility ¶ 6.

The Court finds the United States' argument well taken.  *See* Plea Agreement (ECF No. 50) filed Aug. 16, 2002; *United States v. Price*, ___ F. App'x ___, 2015 WL 5915954, at *2 (10th Cir. Oct. 9, 2015) (Justice Sotomayor's controlling concurrence in *Freeman v. United States*, 131 S. Ct. 2685 (2011), "furnished an important rule of law: a defendant's Rule 11(c)(1)(C) plea agreement is based on the Sentencing Guidelines—and therefore eligible for reduction under § 3582(c)(2)—*only if* that agreement '*expressly* uses a Guideline sentencing range applicable to the charged offense to establish the term of imprisonment.'  *Freeman*, 131 S. Ct. at 2695 . . . ." (first emphasis added)).

Additionally, the record in this matter shows that if Defendant had not had the benefit of the Plea Agreement, he would have been subject to sentencing as a career offender, pursuant to U.S.S.G. § 4B1.1, with a guideline imprisonment range 262 months to 327 months.  He also faced a statutorily mandated minimum sentence of twenty-years imprisonment, pursuant to 21 U.S.C. § 841(B)(1)(A).  A sentence under either of these scenarios likewise would be ineligible for resentencing under Amendment 782.  *See, e.g., United States. v. Hodge*, 721 F.3d 1279, 1280-81 (10th Cir. 2013); *United States v. Wilson*, 493 F. App'x 919, 923 n.7 (10th Cir. 2012).

Finally, because Defendant's original sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court lacks jurisdiction even to consider his Motion on the merits.  *See, e.g., United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014).  While the Court may commend Defendant for his post-conviction rehabilitation efforts, as evidenced by the certificates attached to his Motion, and encourage him to continue the same, his Motion must be dismissed.

WHEREFORE,

**IT IS HEREBY ORDERED** that the United States' Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 62), filed December 2, 2015, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's *pro se* Title 18 U.S.C. § 3582(c)(2) Motion for Reduction of Sentence Pursuant to Amendment 782 (All Drugs Minus Two) (ECF No. 58), filed November 21, 2014, is **DISMISSED FOR LACK OF JURISDICTION**.

_____
SENIOR UNITED STATES DISTRICT JUDGE